UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PIO ZAMMIT,

     Plaintiff,

                                    Case No. 05-CV-71193-DT

v.

                                    HONORABLE DENISE PAGE HOOD

DEPARTMENT OF HEALTH
PROFESSIONS, et al.,

     Defendants.

_____/

## ORDER RE: AMENDED APPLICATION TO PROCEED IN FORMA PAUPERIS
## AND
## ORDER OF SUMMARY DISMISSAL

**Introduction**

Plaintiff Pio Zammit filed an application to proceed *in forma pauperis* which the Court denied in a May 4, 2005 Order. The Court denied the application because it was not complete as to questions #2 and #4. Plaintiff submitted an amended application answering in more detail questions #2 and #4. The Court notes that Plaintiff did not respond to #2a. nor did he indicate the value of his home, other than indicating "I owe more than its worth." Plaintiff also submitted a copy of an order signed by the Honorable Gerald E. Rosen granting Plaintiff's application in another case.

Although this Court is not persuaded that Plaintiff does not have the ability to pay the initial filing fee in this case, given that Judge Rosen granted Plaintiff's application in another case, the Court will do so as well. The Court grants *in forma pauperis* status to proceed without prepayment of the filing fee for this action.

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), a district court may dismiss a complaint before service on the defendants if it is satisfied that the action is frivolous, malicious, if

it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant or defendants who is/are immune from such relief.  A complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In *McGore v. Wrigglesworth,* the Sixth Circuit clarified the procedures a district court must follow when faced with a civil action filed by a non-prisoner proceeding *in forma pauperis*:

> Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A.  However, the district court must still screen the complaint under § 1915(e)(2) ... Section 1915(e)(2) provides us with the ability to screen these, as well as prisoner cases that satisfy the requirements of this section.  The screening must occur even before process is served or the individual has had an opportunity to amend the complaint.  The complaint must be dismissed if it falls within the requirements of § 1915(e)(2) when filed.

*Id.*, 114 F.3d 601, 608 (6th Cir. 1997).  Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys.  *Haines v. Kerner*, 404 U.S. 519 (1972).

Liberally construing Plaintiff's Complaint, the Court finds that Plaintiff has failed to establish that the Court has subject matter jurisdiction over the Complaint under 28 U.S.C. § 1332.  Plaintiff is a resident of the State of Michigan.  Defendants, agencies and officers of the State of Michigan, are also residents of Michigan. (Comp., pp. 1, 3, 6, 9) Plaintiff's Complaint alleges gross negligence resulting in maiming and wrongful death and seeks compensatory and punitive damages for the death of a 15-year old woman in early 2004.  (Comp., p. 1) A gross negligence claim is a state law claim.  In order for the Court to have jurisdiction over the case, the plaintiff and defendants must be residents of different states.  See 28 U.S.C. § 1332.  In this case, both Plaintiff and Defendants are from the State of Michigan.  There is also no indication from the Complaint that

Plaintiff is acting as an official representative of the deceased 15-year old woman.

The presumption is that a federal court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists. *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 327 337 (1895). The facts showing the existence of jurisdiction must be affirmatively alleged in the Complaint. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936); Fed.R.Civ.P. Rule 8(a)(1). Plaintiff has failed to set forth a claim based on this Court's diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff has also failed to set forth any federal question jurisdiction under 28 U.S.C. § 1331. The Court has no subject matter jurisdiction over the Complaint.

Accordingly,

IT IS ORDERED that Plaintiff's Amended Application to Proceed *In Forma Pauperis* is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint is DISMISSED as frivolous under 28 U.S.C. § 1915(e)(2)(B).

IT IS FURTHER ORDERED that an Appeal of this Order would be frivolous and would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962), *McGore*, 114 F.3d at 610-611.


                                            s/ DENISE PAG E HOOD
                                            DENISE PAGE HOOD
                                            United States District Judge

DATED: May 17, 2005