**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**PIO ZAMMIT,**

    **Plaintiff,**

                                                     **Case No. 05-CV-71193-DT**

**v.**

                                                    **HONORABLE DENISE PAGE HOOD**

**DEPARTMENT OF HEALTH**
**PROFESSIONS, et al.,**

    **Defendants.**

    _____/

## ORDER DENYING MOTION FOR RECONSIDERATION

On May 17, 2005, the Court entered a Judgment and Order granting Plaintiff's Amended Application to Proceed *In Forma Pauperis* and dismissing Plaintiff's claims for lack of subject matter jurisdiction. Plaintiff filed a Motion for Reconsideration on June 13, 2005, received in Chambers on June 1, 2005.[1]

An amendment of an order after a judgment has been entered is governed under Rule 59(e) of the Federal Rules of Civil Procedure and/or E.D. Mich. Local Rule 7.1(g). Rule 59(e) provides that any motion to alter or amend a judgment shall be filed no later than ten (10) days after entry of the judgment. Fed. R. Civ. P. 59(e). The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration shall be served not later than ten (10) days after entry of such order. E.D. Mich. LR 7.1(g)(1). No response to the motion and no oral argument thereon shall be allowed unless the Court, after filing of the motion, otherwise directs. E.D. Mich. LR 7.1(g)(2). The Local Rule further states:

---

[1] It is noted that all papers related to cases before the Court must be filed in the Clerk's Office, not the Judge's Chambers. *See* Fed. R. Civ. P. 5(e).

> (3) **Grounds**. Generally, and without restricting the discretion of the Court, motions for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted. The movant shall not only demonstrate a palpable defect by which the Court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

E.D. Mich. LR 7.1(g)(3).

The Order and Judgment from which Plaintiff seeks reconsideration was entered on May 17, 2005. Plaintiff's Motion for Reconsideration was "received" in Chambers on June 1, 2005 and "filed" with the Clerk's Office on June 13, 2005. Although the Rules require parties to "file" documents with the Clerk's Office, *see* Fed. R. Civ. P. 5(e), because Plaintiff is proceeding *pro se*, the Court considers Plaintiff's Motion for Reconsideration timely since it was received in Chambers on June 1, 2005. Plaintiff should note that in the future, he must "file" all papers with the Clerk's Office, not the Judge's Chambers, as required by Fed. R. Civ. P. 5(e).

Plaintiff argues that the new Complaint, attached to his motion, modifies his original Complaint by alleging "Civic Fraud" against Defendants for falsely retaining licensure of Dr. Hodary and Womancare Clinics under Fed. R. Civ. P. Rule 9.

The Federal Rules of Civil Procedure require that an *action for fraud* must be pled with specificity. Fed.R.Civ.P. 9(b). Rule 9 is a "rule" governing what is *required* to state an *action for "fraud."* Rule 9 is not a basis for alleging a claim for "fraud." "Fraud" is a state law claim. *See Blakely v. United States,* 276 F.3d 853, 862 (6th Cir. 2002). In Michigan, the elements of fraud are: (1) [t]hat defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that

2

plaintiff acted in reliance upon it; and (6) that he thereby suffered injury. *Kassab v. Michigan Basic Prop. Ins. Ass'n,* 441 Mich. 433, 491 N.W.2d 545, 548 (Mich.1992) (internal quotation marks and citations omitted).

Plaintiff's new Complaint fails to allege federal subject matter jurisdiction since the new claim-- fraud-- is a state law claim. As this Court noted in its previous opinion, federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972). Liberally construing Plaintiff's new Complaint, the Court finds that Plaintiff has failed to establish that the Court has subject matter jurisdiction over the Complaint under 28 U.S.C. § 1332, the diversity jurisdiction statute. Plaintiff is a resident of the State of Michigan. Defendants, agencies and officers of the State of Michigan, are also residents of Michigan.

Plaintiff argues that the Court has jurisdiction under its "equity" jurisdiction. "Equity" is a type of "case" which allows the Court to issue injunctive relief. Article III, § 2, of the Constitution provides in pertinent part: "Section 2. The judicial Power shall extend to *all Cases, in Law and Equity,* arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority; to all Cases .... to Controversies between two or more States; between a State and Citizens of another State; between Citizens of different States; ..." U.S. Const., Art. III, § 2. This section delineates the absolute limits on the federal courts' jurisdiction. *Blakely v. United States,* 276 F.3d 853, 862 (6th Cir. 2002).

Based on Article III of the Constitution, in order to invoke the Court's "equity" jurisdiction, a plaintiff must first file a "case" with a "controversy." In order to invoke the Court's "subject matter jurisdiction," as noted above, diversity jurisdiction must exist between citizens of different states, which does not exist in this case. Stating "equity" in the complaint does not automatically

3

invoke the Court's "subject matter jurisdiction" over an "action" or a "case." A plaintiff must still allege in the complaint the basis of the Court's "subject matter jurisdiction," which Plaintiff in this case has failed to do.

Accordingly,

IT IS ORDERED that Plaintiff's Motion for Reconsideration of the Court's May 17, 2005 Order of Summary Dismissal **(Docket No. 4, filed June 13, 2005)** is DENIED.


DATED: August 17, 2005

    /s/ DENISE PAGE HOOD
DENISE PAGE HOOD
United States District Judge